IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE W. BILBREW, | § | |
| TDCJ #882188, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0816 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Clarence W. Bilbrew, is a state prison inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Bilbrew seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court criminal conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **dismissed** for reasons set forth below.

## I.     BACKGROUND

Bilbrew reports that he was convicted on July 1, 1999, after entering a guilty plea to charges of aggravated robbery in cause number 781547. As a result, the 179th District Court of Harris County, Texas, sentenced Bilbrew to serve twenty years in prison. On direct appeal, counsel for Bilbrew filed a brief under *Anders v. California*, 386 U.S. 738 (1967), advising that a professional evaluation of the record disclosed no non-frivolous grounds for

appeal. The court of appeals agreed and affirmed the trial court's judgment. *See Bilbrew v. State*, No. 01-99-00938-CR, 2001 WL 26189 (Tex. App. — Houston [1st Dist.] Jan. 11, 2001). The Texas Court of Criminal Appeals refused Bilbrew's petition for discretionary review on August 1, 2001.

Bilbrew filed the pending federal habeas corpus petition on March 6, 2006.[1] Bilbrew contends that he is entitled to federal habeas corpus relief from his conviction because he was denied effective assistance of counsel in connection with his pre-trial, guilty plea, and appellate proceedings. Bilbrew complains further that he was denied due process and equal protection of the law. Bilbrew also complains that his guilty plea was coerced and not voluntarily entered. Notwithstanding these claims, the Court concludes that the petition must be dismissed because it is untimely.

## II.   DISCUSSION

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

---

[1]    The Clerk's Office received the petition on March 9, 2006, but Bilbrew executed his pleadings on March 6, 2006, indicating that he placed them in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit ordinarily treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

Because Bilbrew challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run, pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Texas Court of Criminal Appeals refused Bilbrew's petition for discretionary review on August 1, 2001. Although he did not file an application for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later on or about October 31, 2001. *See* SUP. CT. R. 13.1 (West 2005). That date triggered the statute of limitations, which expired one year later on October 31, 2002. Bilbrew's pending petition, executed by him on March 6, 2006, is late by well over three years and is therefore time-barred unless statutory or equitable tolling applies.

**A.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Bilbrew indicates that he filed a state habeas corpus application on July 30, 2002, which the Texas Court of Criminal Appeals denied on October 6, 2004. *See Ex parte Bilbrew*, No. 58,150-02. Although this

application tolls the limitations period for just over two years (the length of time that it was pending), the amount of tolling is insufficient. In other words, well over a year elapsed from the time that the state application was denied on October 6, 2004, and the federal habeas petition was executed on March 6, 2006.

Bilbrew indicates that he also filed a motion for leave to file a writ of mandamus on January 7, 2004, which the Texas Court of Criminal Appeals denied on October 6, 2004. *See Ex parte Bilbrew*, No. 58,150-01. It appears that Bilbrew also filed a second motion for leave to file a petition for a writ of mandamus on October 18, 2004, which the Texas Court of Criminal Appeals denied on February 9, 2005. *See Ex parte Bilbrew*, No. 58,150-03. The Fifth Circuit has held that applications for a writ of mandamus are not "other collateral review" as contemplated by 28 U.S.C. § 2244(d)(2). *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Accordingly, the time during which Bilbrew's applications for a writ of mandamus were pending does not count for purposes of statutory tolling.

Bilbrew has not alleged that he was subject to state action that impeded him from filing his federal habeas petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, the petition is neither based upon a newly recognized constitutional right, nor a factual predicate that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

**B.      Equitable Tolling**

The statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). However, the Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005).

The pleadings do not demonstrate that exceptional circumstances exist or that the petitioner has acted with the requisite diligence. Bilbrew was convicted pursuant to his guilty plea in 1999. After the Texas Court of Criminal Appeals refused his petition for discretionary review on August 1, 2001, Bilbrew waited nearly a full year until July 30, 2002, to submit a state application for a writ of habeas corpus. He offers no explanation for this delay. After the Texas Court of Criminal Appeals denied that application for state habeas relief on October 6, 2004, Bilbrew waited well over a year to file his federal habeas corpus petition on March 6, 2006. No explanation is given for this delay either.

Bilbrew does complain that the state courts delayed ruling on his state habeas corpus application. As noted above, however, Bilbrew has been granted statutory tolling for the entire time that his state writ was pending from July 30, 2002, through October 6, 2004. Although Bilbrew had a motion for leave to file a writ of mandamus pending from October 18, 2004, through February 9, 2005, his pleadings and proposed exhibits fail to show what,

5

if any, actions he took to pursue federal habeas corpus relief during and after this time.  In

that respect, after the Texas Court of Criminal Appeals denied leave to file his mandamus

petition on February 9, 2005, Bilbrew fails to explain why he waited more than a year, until

March 6, 2006, to execute his federal habeas corpus petition and place it in the mail.

This record reflects substantial delay on Bilbrew's part, and he offers no explanation

for his failure to diligently pursue federal habeas relief.  Although Bilbrew proceeds *pro se*,

his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely

petition and are not grounds for equitable tolling.  *See Fisher,* 174 F.3d at 714; *see also*

*Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance

or mistake is insufficient to warrant equitable tolling);  *Barrow v. New Orleans S.S. Ass'n*,

932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines,"

"lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of

legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to

have his claims heard by a federal court.[2]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.

2000), *cert. denied*, 531 U.S. 1035 (2000).  However, the Fifth Circuit has emphasized that

---

[2]     Alternatively, the petition and supplemental brief filed by Bilbrew make only vague allegations in support of his claims.  It is true that *pro se* petitions for collateral review are entitled to a liberal construction.  *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).  More importantly, Bilbrew has made no effort to show that he is entitled to the relief that he seeks under the standard governing federal habeas review found in 28 U.S.C. § 2254(d).  Accordingly, Bilbrew does not demonstrate that he is not entitled to federal habeas corpus relief for this additional reason.

the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given the petitioner's lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. Absent a showing that tolling is warranted, the Court concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996. The Court concludes therefore that jurists of reason would not debate whether the procedural

ruling in this case was correct or whether the petitioner stated a valid claim.  Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

The Court has examined the petition under Rule 4 of the Rules Governing Section 2254 Cases and concludes that the petitioner is not entitled to relief.  Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.      The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry

Nos. 3, 4) is **GRANTED**.

2.      This federal habeas corpus proceeding is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **March 16, 2006.**

Nancy F. Atlas
United States District Judge