IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE W. BILBREW, | § | |
| TDCJ #882188, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0816 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On March 6, 2006, state inmate Clarence W. Bilbrew filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a guilty plea entered by him in 1999. This Court dismissed the petition as barred by the statute of limitations. Bilbrew has filed a motion for "reconsideration," asking the Court to vacate its final judgment. (Doc. #8). The petitioner's motion is **denied** for reasons that follow.

Because it was filed within ten days of the final judgment, the petitioner's motion is governed by Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

As noted in the dismissal order, Bilbrew was convicted and sentenced to twenty years in prison on July 1, 1999, after entering a guilty plea to charges of aggravated robbery in cause number 781547. A state intermediate appellate court affirmed the judgment, *see Bilbrew v. State*, No. 01-99-00938-CR, 2001 WL 26189 (Tex. App. — Houston [1st Dist.] Jan. 11, 2001), and the Texas Court of Criminal Appeals refused Bilbrew's petition for discretionary review on August 1, 2001. In conducting its review of his federal habeas corpus petition, this Court observed that Bilbrew's conviction became final no later than October 31, 2001, when his time to file a writ of certiorari with the United States Supreme Court expired. The Court then concluded that Bilbrew's pending petition, executed by him on March 6, 2006, was late by well over three years and was therefore barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). After further finding that Bilbrew failed to fit within a statutory or equitable exception, the Court dismissed the petition with prejudice as barred by limitations.

Bilbrew does not dispute that his petition is barred by the applicable statute of limitations. Instead, he asks the Court to reconsider its final judgment on the grounds that he acted with diligence in the state courts. Liberally construed, Bilbrew asks for equitable tolling of the limitations period. The statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has

held that, in order for equitable tolling to apply in the habeas corpus context, the applicant must "diligently pursue his § 2254 relief," because "equity is not intended for those who sleep on their rights." *Coleman*, 184 F.3d at 403 (citing *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)), *cert. denied*, 531 U.S. 1164 (2001)). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005).

Bilbrew does not clearly allege or show that extraordinary circumstances prevented his compliance with the statute of limitations, and there are two lengthy periods of delay that preclude a finding of diligence. The first period of delay occurred when Bilbrew failed to diligently seek habeas review at the state level. After the Texas Court of Criminal Appeals refused his petition for discretionary review on August 1, 2001, Bilbrew waited nearly a full year until July 30, 2002, to submit a state application for a writ of habeas corpus. Bilbrew offers no explanation for his delay in seeking state habeas relief. It is well established in this circuit that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

The second period of delay at issue in this case occurred after the Texas Court of Criminal Appeals denied Bilbrew's state habeas corpus application on October 6, 2004. After the Texas Court of Criminal Appeals denied state habeas relief, Bilbrew waited more

3

than a year to file his federal habeas corpus petition on March 6, 2006. Bilbrew maintains that he acted with diligence, pointing to a petition for writ of mandamus that he filed in October of 2004. As noted in the dismissal order, however, Bilbrew's mandamus proceeding was pending in state court for only a short period of time, from October 18, 2004, through February 9, 2005. More than a year expired between the time that the Texas Court of Criminal Appeals denied Bilbrew's petition for leave to file a writ of mandamus on February 9, 2005, and the date that he filed his federal habeas petition on March 6, 2006. This demonstrates significant delay on Bilbrew's part, and he offers no clear explanation for his decision to wait so long to seek federal habeas review.

Bilbrew alleges that he submitted a motion in this district in October of 2004, seeking an extension of time to file a federal habeas corpus petition. Bilbrew fails to provide a cause number for this action. Likewise, he fails to say whether the motion was granted or denied, or to supply a date on which the alleged motion was ruled upon. This Court takes judicial notice that Bilbrew has filed at least eighteen cases in this district. A review of these cases does not disclose a motion for extension of time to seek federal habeas review of the 1999 guilty plea at issue here. Likewise, a review of Bilbrew's litigation record does not reveal any other reason to toll the limitations period in his favor.

(1) Bilbrew filed Civil Action Number 4:03-3380 on August 21, 2003, seeking federal habeas corpus relief from a prison disciplinary conviction. The district court granted the respondent's motion for summary judgment and dismissed the petition on June 23, 2004.

(2) Bilbrew filed Civil Action Number 4:04-2075 on May 25, 2004. In that civil rights case, Bilbrew complained of retaliation, due process violations,

4

discrimination, temperature and air circulation problems, harassment, and conspiracy. On November 17, 2004, the district court dismissed most of his claims as frivolous after conducting a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). On July 18, 2005, the district court granted the defendants' motion for summary judgment on Bilbrew's remaining claims of retaliation in connection with a unit transfer.

(3)   Bilbrew filed Civil Action Number 4:04-2156 on June 2, 2004. In that civil rights case, Bilbrew complained of the confiscation of property, retaliation, harassment, conspiracy, and denial of access to the courts. On November 17, 2004, the district court dismissed the case as frivolous following a *Spears* hearing.

(4)   Bilbrew filed Civil Action Number 4:04-3500 on September 7, 2004. In that civil rights case, Bilbrew complained of the denial of access to the courts, conspiracy, and retaliation. On June 6, 2005, the district court dismissed the complaint as frivolous.

(5)   Bilbrew filed Civil Action Number 4:04-3509 on September 8, 2004, seeking federal habeas corpus relief from a prison disciplinary conviction. The district court dismissed the petition on September 17, 2004, for failure to state a claim.

(6)   Bilbrew filed Civil Action Number 4:04-3522 on September 8, 2004, seeking federal habeas corpus relief from a prison disciplinary conviction. The district court dismissed the petition on December 7, 2004, for failure to state a claim.

(7)   Bilbrew filed Civil Action Number 4:04-4123 on October 21, 2004, seeking federal habeas corpus relief from a prison disciplinary conviction. The district court dismissed that petition on May 20, 2005, for failure to state a claim.

(8)   Bilbrew filed Civil Action Number 4:05-0130 on January 13, 2005. In that civil rights action, Bilbrew filed a civil rights complaint alleging that the trial judge, the court clerk, and prison officials had delayed in processing his state application for post-conviction relief. The district court dismissed the complaint on November 9, 2005, as frivolous, for failure to state a claim, and for seeking monetary relief from defendants entitled to immunity.

(9)   Bilbrew filed Civil Action Number 4:05-0365 on February 3, 2005. In that civil rights action, Bilbrew complained of the denial of access to the courts resulting from a confiscation of legal property. The district court dismissed the complaint on April 29, 2005, for want of prosecution.

(10) Bilbrew filed Civil Action Number 4:05-0606 on February 22, 2005, seeking federal habeas corpus relief from a prison disciplinary conviction. The district court dismissed the petition on April 7, 2005, for failure to state a claim.

(11) Bilbrew filed Civil Action Number 4:05-1280 on April 15, 2005. In that civil rights action, Bilbrew complained of legal malpractice and of the denial of access to the courts. The district court dismissed that case on December 15, 2005, for failure to state a claim.

(12) Bilbrew filed Civil Action Number 4:05-1598 on May 3, 2005. In that civil rights action, Bilbrew complained of conspiracy, retaliation, denial of due process, as well as cruel and unusual punishment. The district court dismissed that case on August 20, 2005, as frivolous.

(13) Bilbrew filed Civil Action Number 4:05-2067 on June 13, 2005. In that civil rights action, Bilbrew complained of a denial of access to the courts, verbal abuse, denial of due process, and retaliation. The district court dismissed the case on November 22, 2005, for want of prosecution and for failure to comply with court orders.

(14) Bilbrew filed Civil Action Number 4:05-2817 on August 15, 2005, seeking federal habeas corpus relief from a prison disciplinary conviction. The district court dismissed the petition on November 8, 2005, for failure to state a claim.

(15) In Civil Action Number 4:05-2818 on August 15, 2005, seeking federal habeas corpus relief from a prison disciplinary conviction. The district court dismissed the petition on November 8, 2005, for failure to state a claim.

(16) Bilbrew filed Civil Action Number 4:05-2071 on June 14, 2005. In that civil rights action, Bilbrew complained of legal malpractice, denial of access to the court, retaliation, and conspiracy. The district court dismissed that case on November 8, 2005, as frivolous, malicious, and for failure to state a claim.

(17) Bilbrew filed Civil Action Number 4:05-3070 on August 29, 2005. In that civil rights action, Bilbrew complained of the denial of medical care. This action remains pending.

(18) Bilbrew filed Civil Action Number 4:06-0816, the instant case, on March 6, 2006, seeking federal habeas corpus relief from his 1999 guilty plea and aggravated robbery conviction.

While a review of Bilbrew's litigation history shows that he has been actively litigating other cases, it does not reflect a diligent effort to seek federal habeas corpus relief from his underlying conviction in 1999. The Court notes that several of Bilbrew's civil rights claims concern access to courts. Nevertheless, a review of the pleadings in these cases do not show that his ability to seek federal habeas corpus relief was frustrated in any exceptional or extraordinary way that would warrant equitable tolling.[1]

The claims that Bilbrew attempts to raise in this action are fairly straight forward. Bilbrew seeks relief from his conviction on the following grounds: (1) denial of effective assistance of counsel prior to trial; (2) denial of effective assistance on appeal; (3) denial of due process and equal protection by the trial court in connection with the appointment of competent counsel and the admission of evidence; and (4) the guilty plea was involuntarily made based on a coerced confession. Bilbrew was aware of these claims when he submitted his state habeas application on July 30, 2002. Bilbrew offers no valid excuse for his failure to promptly submit a federal habeas corpus petition after the Texas Court of Criminal Appeals denied the state application on October 6, 2004.[2]

---

[1] For example, although one of his civil rights actions involved delay associated with his state habeas application (Civil Action Number 4:05-0130), Bilbrew received statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the entire time that this proceeding was pending from July 30, 2002, to October 6, 2004. In that respect, any delay by the Texas courts in handling his state application did not prejudice Bilbrew's ability to seek federal habeas corpus relief.

[2] Indeed, Bilbrew managed to file separate civil rights lawsuits against both of the attorneys who represented him during his guilty plea and his appeal in April and June of 2005, respectively. *See* Civil Action Nos. 4:05-1280 and 4:05-2071.

In conclusion, although Bilbrew clearly has undertaken a considerable amount of litigation, he fails to allege or show that any of these cases were a necessary prerequisite to filing his federal habeas corpus petition on March 6, 2006. Instead, it appears that Bilbrew has engaged in recreational litigation of other claims rather than the diligent pursuit of federal habeas corpus relief. Bilbrew has not demonstrated the requisite diligence and he has not shown that he was actively misled or prevented in some extraordinary way from asserting his rights. *See Ott*, 192 F.3d at 513-14. Under these circumstances, Bilbrew has failed to show that he is entitled to equitable tolling of the statute of limitations or that he is entitled to relief from the final judgment under Rule 59(e).

Because Bilbrew has failed to show that the dismissal order was entered in error, it is **ORDERED** that his motion for reconsideration (Doc. #8) is **DENIED**.

It is further **ORDERED** that Bilbrew's pending motion for leave to proceed *in forma pauperis* (Doc. 9) is **MOOT** because he has already received leave to proceed as a pauper in this case.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **April 5, 2006.**

_____
Nancy F. Atlas
United States District Judge