IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE W. BILBREW, <br> TDCJ #882188, <br><br> Petitioner, <br><br> v. <br><br> DOUG DRETKE, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-06-0816 |

### ORDER

On March 6, 2006, state inmate Clarence W. Bilbrew filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a guilty plea entered by him in 1999. In an order entered on March 16, 2006, this Court dismissed the petition as barred by the statute of limitations. On April 5, 2006, the Court denied Bilbrew's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Bilbrew has now filed a motion asking the Court to vacate its final judgment. (Doc. #11). The petitioner's motion is **denied** for reasons that follow.

The petitioner's pending motion is governed by Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a district court "may relieve a party from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)).

As noted in the dismissal order, Bilbrew was convicted and sentenced to twenty years in prison on July 1, 1999, after entering a guilty plea to charges of aggravated robbery in cause number 781547. A state intermediate appellate court affirmed the judgment, *see Bilbrew v. State*, No. 01-99-00938-CR, 2001 WL 26189 (Tex. App. — Houston [1st Dist.] Jan. 11, 2001), and the Texas Court of Criminal Appeals refused Bilbrew's petition for discretionary review on August 1, 2001. In conducting its review of his federal habeas corpus petition, this Court observed that Bilbrew's conviction became final no later than October 31, 2001, when his time to file a writ of certiorari with the United States Supreme Court expired. The Court then concluded that Bilbrew's pending petition, executed by him on March 6, 2006, was late by well over three years and was therefore barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). After further finding that Bilbrew failed to fit within a statutory or equitable exception, the Court dismissed the petition with prejudice as barred by the governing statute of limitations.

In his pending motion, Bilbrew does not dispute that his petition is barred by the applicable statute of limitations and he does not specifically argue that he is entitled to tolling under any statutory or equitable theory. Instead, Bilbrew presents conclusory allegations that his effort to file a federal habeas corpus petition has been frustrated by a "conspiracy" by prison officials to subject him to false disciplinary charges. In support of that claim, Bilbrew references numerous grievances filed by him in 2006. The facts alleged by Bilbrew, however, do not demonstrate that extraordinary circumstances prevented his compliance with the statute of limitations. Likewise, Bilbrew does not attempt to show that he sought federal habeas corpus relief with the requisite diligence. Therefore, his allegations do not excuse his delay or establish that he is entitled to statutory or equitable tolling. Under these circumstances, Bilbrew has failed to show that the dismissal order was entered in error or that he is entitled to relief from the final judgment under Rule 60(b).

Accordingly, it is **ORDERED** that the petitioner's motion to vacate the final judgment (Doc. #11) is **DENIED**.

The Court notes that Bilbrew has not filed a notice of appeal to date. Bilbrew's pending motion, however, seeks leave to "proceed on appeal." Because the motion evidences an intent to appeal, **<u>the Clerk's Office is ORDERED to treat the motion (Doc. #11) as a notice of appeal and to forward a copy to the Fifth Circuit for their consideration</u>**.

To the extent that one is required, it is **ORDERED** that a certificate of appealability is denied for reasons stated previously in the dismissal order.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **April 18, 2006.**

_____
Nancy F. Atlas
United States District Judge