IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE W. BILBREW, TDCJ #882188, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-0816 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent.[1] | § § | |

## ORDER TO REINSTATE

Clarence W. Bilbrew is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). On March 6, 2006, Bilbrew filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge his 1999 guilty plea and state court felony conviction. In an order entered on March 16, 2006, this Court dismissed the petition as barred by the statute of limitations. Bilbrew has now filed a motion for statutory and equitable tolling. (Doc. # 18). The Court construes the motion as one seeking relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For reasons set forth below, the Court grants the motion and vacates the final judgment.

---

[1] On June 1, 2006, Nathaniel Quarterman replaced the former respondent, Doug Dretke, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Quarterman as the proper respondent in this action.

Under Rule 60(b), a district court "may relieve a party from final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)).  A party may file a rule 60(b) motion at any time within one year after judgment, even if an appeal is pending. *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001) (citing *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996)).

Bilbrew challenges a conviction that was entered on July 1, 1999, pursuant to his guilty plea to charges of aggravated robbery in cause number 781547.  The 179th District Court of Harris County, Texas, accepted the plea and sentenced Bilbrew to serve twenty years in prison.  An intermediate court of appeals affirmed the conviction. *See Bilbrew v. State*, No. 01-99-00938-CR, 2001 WL 26189 (Tex. App. — Houston [1st Dist.] Jan. 11,

2001). The Texas Court of Criminal Appeals refused Bilbrew's petition for discretionary review on August 1, 2001.

The federal habeas corpus petition filed by Bilbrew in this case was dated March 6, 2006. Bilbrew does not dispute that this conviction became final on or about October 31, 2001, at the expiration of his time to file an application for a writ of certiorari with the United States Supreme Court. That date triggered the statute of limitations, which expired one year later on October 31, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). The Court found that Bilbrew's federal habeas corpus petition, executed by him on March 6, 2006, was late by over three years and that it was subject to dismissal because he failed to demonstrate that he was entitled to statutory or equitable tolling.

Bilbrew argues that the final judgment was entered in error because he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for a state habeas corpus application that was filed on July 30, 2002, which precedes the expiration of the limitations period. Bilbrew submits an order from the Texas Court of Criminal Appeals, showing that it did not rule upon that application until June 7, 2006.[2] (Doc. # 18, Exhibit, *Ex parte Bilbrew*, No. 58,150-02). If the information provided by Bilbrew is accurate, it raises an issue about whether Bilbrew is entitled to statutory tolling.

The evidence presented by Bilbrew also raises an issue about whether Bilbrew's state court proceedings are completed. The exhibit that he presents shows that the ruling issued

---

[2] This contradicts what Bilbrew alleged in his petition, where he reported that the Texas Court of Criminal Appeals issued a final decision on October 6, 2004, and further stated that he had no pending state habeas corpus proceeding. (Doc. # 1, *Petition*, at ¶¶ 11, 23).

3

by the Texas Court of Criminal Appeals on June 7, 2006 is not a final decision on his habeas application. (Doc. # 18, Exhibit). Instead, the order dated June 7, 2006 shows that Texas Court of Criminal Appeals decided to hold the petition in abeyance pending some sort of a hearing or the preparation of supplemental findings by the trial court. (*See id.*). Thus, it does not appear that the Texas Court of Criminal Appeals has issued a final determination on the claims that Bilbrew now attempts to present. To clarify whether the federal habeas corpus petition was properly exhausted and timely filed, the Court will grant Bilbrew's motion for relief from the final judgment under Rule 60(b) and request an answer from the respondent.

Accordingly, the Court **ORDERS** as follows:

1. The petitioner's motion for relief from the final judgment (Doc. # 18) is **GRANTED**.

2. The Memorandum and Order and Final Judgment dated March 16, 2006 (Docs. # 6, # 7) are **VACATED**.

3. The Clerk's Office shall **REINSTATE** this case to the Court's active docket.

The Court will issue a separate order directing the respondent to file an answer.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on April 3, 2007.

Nancy F. Atlas
United States District Judge