IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE W. BILBREW, § | | |
| TDCJ #882188, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-0816 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

State inmate Clarence W. Bilbrew (TDCJ # 882188) has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court criminal conviction. The respondent has filed a motion to dismiss the petition as premature because Bilbrew's claims are pending in state court. (Doc. # 22). Bilbrew has filed a response to the motion. (Doc. # 23). After considering all of the pleadings, the records, and the applicable law, the court grants the respondent's motion and dismisses this case without prejudice for reasons that follow.

### I.  BACKGROUND

Bilbrew is presently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") pursuant to a criminal judgment of conviction in cause number 781547. A Harris County grand jury returned an indictment against Bilbrew in that case, charging him with aggravated robbery with a deadly weapon,

namely, a firearm. Bilbrew was convicted on July 1, 1999, after pleading guilty to the indictment. The 179th District Court of Harris County, Texas, accepted the guilty plea and sentenced Bilbrew to serve twenty years in prison.

On direct appeal, counsel for Bilbrew filed a brief under *Anders v. California*, 386 U.S. 738 (1967), advising that a professional evaluation of the record disclosed no non-frivolous grounds for appeal. The intermediate state court of appeals agreed and affirmed the conviction. *See Bilbrew v. State*, No. 01-99-00938-CR, 2001 WL 26189 (Tex. App. — Houston [1st Dist.] Jan. 11, 2001). Thereafter, the Texas Court of Criminal Appeals refused Bilbrew's petition for discretionary review on August 1, 2001.

Bilbrew challenged his conviction further by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, which the state trial court received on August 1, 2002. *See Ex parte Bilbrew*, No. 781547-A. In that application, Bilbrew complained that he was denied his right to effective assistance of counsel at trial and on appeal, that his guilty plea was involuntary and unknowingly made, that his conviction was obtained by use of a coerced confession, that his conviction was obtained in violation of the privilege against self-incrimination, and that the state failed to disclose evidence favorable to the defense. *See id.* On May 4, 2004, the trial court issued an order requesting an affidavit from Bilbrew's trial attorney in response to certain issues. *See Ex parte Bilbrew*, No. 58,150-02 at 88. There have been other rulings entered by the Texas Court of Criminal Appeals in that proceeding, but to date those rulings appear to have been entered only in connection with numerous motions for a writ of mandamus by Bilbrew. *See Ex parte*

*Bilbrew*, Nos. 58,150-01, 58,150-02, 58,150-03.[1] In other words, the Texas Court of Criminal Appeals has not yet reached the merits of Bilbrew's application.

Bilbrew filed the pending federal habeas corpus petition on March 6, 2006.[2] Bilbrew contends that he is entitled to relief from his conviction because he was denied effective assistance of counsel in connection with his pre-trial, guilty plea, and appellate proceedings. Bilbrew complains further that he was denied due process and equal protection of the law. Bilbrew also maintains that his guilty plea was coerced and not voluntarily entered. The respondent contends that the petition must be dismissed as premature because Bilbrew has not yet completed state habeas corpus review with respect to the claims that he attempts to present in this federal proceeding.[3] The parties' contentions are addressed below.

## II. DISCUSSION

The respondent contends that it is premature to consider the claims presented in the pending petition because Bilbrew's state habeas corpus application is currently pending

---

[1] Bilbrew indicates that he has filed as many as five applications for a writ of mandamus. (Doc. # 23, at 16).

[2] Initially, this Court dismissed the petition as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). (Doc. # 6). The Court reinstated the case after Bilbrew presented evidence that suggested he was entitled to statutory tolling and that his petition was therefore timely. (Doc. # 19).

[3] Relying on an unpublished decision, *In re Jimenez*, 221 Fed. App'x 297, 2006 WL 3821531 (5th Cir. Dec. 22, 2006), the respondent argues further that the pending petition is barred as an unauthorized successive application because Bilbrew has filed at least ten previous federal habeas corpus proceedings to challenge prison disciplinary actions. Because federal review of Bilbrew's claims would be premature, in light of his pending state proceedings, the Court declines to consider whether the pending federal petition is successive.

before the Texas Court of Criminal Appeals.  Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of

4

Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir.) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."), *cert. denied*, 541 U.S. 1087 (2004).

The respondent has presented an affidavit from the Clerk of the Texas Court of Criminal Appeals, which reports that Bilbrew's state habeas corpus application remains pending. (Doc. # 22, Exhibit A). Bilbrew concedes that, to date, the Texas Court of Criminal Appeals has not issued a decision on his pending application. Because this state process remains available, Bilbrew does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's pending claims. *See, e.g., Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) (per curiam) (holding that, where a state application remains pending, federal disruption of the state judicial process "would be an unseemly and uncalled for interference that comity between our dual system forbids"). It follows that the pending federal habeas petition must be dismissed as premature.

### III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of

appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss for lack of exhaustion (Doc. # 22) is **GRANTED**.
2. This federal habeas corpus proceeding is **DISMISSED** without prejudice as premature.
3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this **31st** day of **July, 2007**.

Nancy F. Atlas
United States District Judge